James M. Wicks
Franklin C. McRoberts
FARRELL FRITZ, P.C
*Attorneys for Nominal Defendant*
*Gurney's Inn Resort & Spa Ltd.*
1320 RXR Plaza
Uniondale, New York 11556
Tel:   (516) 227-0700
Fax:   (516) 227-0777
Email: jwicks@farrellfritz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LINDA BENJAMIN,

        Plaintiff,   No. 09-CV-9722 (RWS)

   -against-

THOMAS CARUSONA, CHRISTOPHER
BENNETT, LOLA COOPER MONTEMARANO,
and KEITH COOPER, as Trustees of GURNEY'S
INN CORP. LIQUIDATING TRUST, and LCM SPA
& RESORTS CONSULTANTS LLC,

        Defendants,

   -and-

GURNEY'S INN RESORT & SPA LTD.,

        Nominal Defendant.
------------------------------------------------------------------x

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF NOMINAL DEFENDANT GURNEY'S INN RESORT & SPA LTD. TO QUASH SUBPOENA SERVED ON NON-PARTY DAVID CLURMAN

---

*Of Counsel:*
James M. Wicks
Franklin C. McRoberts

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    Point I
    GURNEY'S HAS STANDING TO MOVE TO QUASH THE
    CLURMAN SUBPOENA ................................................................................................ 2

        A.    Gurney's Has Standing to Assert its Attorney-Client Privilege
             in Seeking to Quash the Subpoena for Documents and Testimony ..................... 2

        B.    The Fiduciary Exception Does Not Apply and Does Not Affect
             Standing ................................................................................................................ 3

    Point II
    THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE
    AND SEEKS PRODUCTION OF PRIVILEGED INFORMATION ................................ 5

CONCLUSION ....................................................................................................................... 7

Case 2:11-cv-06120-JFB-ARL Document 115 Filed 11/08/10 Page 3 of 10 PageID #: 1789

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Copantitla v. Fiskardo Estiatorio, Inc.*,
   2010 WL 1327921 (S.D.N.Y. Apr. 5, 2010)............................................................................3

*Estate of Ungar v. Palestinian Auth.*
   400 F. Supp.2d 541 (S.D.N.Y. 2005)....................................................................................3

*Garner v. Wolfinbarger*,
   430 F.2d 1093 (5th Cir. 1970) ............................................................................................3, 4

*Hollander v. American Cyanamid Co.*,
   895 F.2d 80 (2d Cir. 1990)....................................................................................................5

*In re: Pfizer Inc. Sec. Litig.*,
   1993 WL 561125 (S.D.Y. Dec. 23, 1993) ............................................................................4

*In re: Subpoenas Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003)....................................................................................................6

*Official Comm. Of Asbestos Claimants of G-1 Holding, Inc.*,
   342 B.R. 416 (S.D.N.Y. 2006)..............................................................................................4

*Solow v. Conseco, Inc.*,
   2008 WL 190340 (S.D.N.Y. Jan. 18, 2006) .........................................................................3

*U.S. v. Int'l Broherhood of Teamsters*,
   119 F.3d 210 (2d Cir. 1997)..................................................................................................3

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 45(c)................................................................................1

Nominal Defendant Gurney's Inn Resort & Spa Ltd. ("Gurney's" or "Nominal Defendant") respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to quash the Subpoena served by Plaintiff Linda Benjamin ("Benjamin" or "Plaintiff") upon non-party David Clurman ("Clurman").

## PRELIMINARY STATEMENT

Benjamin fails to demonstrate that Gurney's lacks standing to move to quash the subpoena. Gurney's is a separately named nominal defendant to this action. Gurney's has the right to assert and protect its attorney-client privilege over communications with its counsel, Clurman, and the legal advice he provided. Benjamin does not contend that Gurney's, as an entity, placed at issue any of its communications with Clurman or the advice it received from him. Instead, Benjamin argues that defendants Thomas Carusona ("Carusona") and Christopher Bennett ("Bennett") may have done so. However, separate defendants cannot waive an attorney-client privilege that belongs to Gurney's. Therefore, Gurney's has standing to move to quash the Clurman subpoena. (*See* Point I)

There is no urgency to depose Clurman, a non-party, before party discovery. Benjamin fails to demonstrate why Clurman should be required to produce documents and be deposed now. A non-party attorney should not be subjected to the burden of document production and be required to sit for a deposition without a showing that the information sought is unavailable through other means. Here, party discovery is in its infancy. Indeed, issue is not even joined. The parties have not yet answered the Verified Amended Complaint. Benjamin has not yet inspected the thousands of pages of documents Gurney's made available to her months ago for inspection at Gurney's in response to her first set of document demands, and Gurney's

1

production in response to Benjamin's second set of document demands is incomplete. Most importantly, Benjamin has not even noticed any party witnesses for deposition. Aside from the premature nature of the subpoena, the non-party discovery requests raise significant issues of privilege that may be mooted (thereby avoiding waste of judicial resources) if party discovery proceeds in the first instance. (*See* Point II)

Therefore, the Court should quash the subpoena directed to Clurman to permit party discovery to proceed in the first instance.

## ARGUMENT

### Point I

### GURNEY'S HAS STANDING TO MOVE TO QUASH THE CLURMAN SUBPOENA

#### A. Gurney's Has Standing to Assert its Attorney-Client Privilege in Seeking to Quash the Subpoena for Documents and Testimony

Clurman is Gurney's special counsel and provides ongoing advice to Gurney's, its management and certain members of its board of directors. In that role, Clurman has specifically provided legal advice on the status of Gurney's corporate structure, including the status of Gurney's Class A and Class B shares following Chapter 11 bankruptcy proceedings, as well as the intent and purpose of the initial offering. (*See* Declaration of David Clurman dated October 21, 2010 ("Clurman Decl.") at ¶4) Additionally, since Benjamin commenced this action, Clurman continues to advise Gurney's on various matters which directly relate to this litigation. (*See id.* at ¶5) Clurman believed that the advice he furnished constituted privileged communications between himself and Gurney's. (*See id.* at ¶6)

Benjamin implicitly concedes that, based on Gurney's attorney-client relationship with Clurman, Gurney's generally would have standing to move to quash the Clurman Subpoena.

2

"Generally, *absent a claim of privilege*, a party does not have standing to object to a subpoena served on a non-party." *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, *8 (S.D.N.Y. Apr. 5, 2010) (quotations omitted) (emphasis added). "[A] party may have a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs as to give them standing to challenge the subpoena." *Id.*; *see also Solow v. Conseco, Inc.*, 2008 WL 190340, *3 (S.D.N.Y. Jan. 18, 2006); *Estate of Ungar v. Palestinian Auth.* 400 F. Supp.2d 541, 554 (S.D.N.Y. 2005) (quashing subpoena that sought information protected by attorney-client privilege).

Instead, Benjamin asserts that there has been a waiver of the attorney-client privilege because defendants Carusona and Bennett may have placed at issue advice given by Clurman. The privilege, however, belongs to Gurney's, and only Gurney's can waive the privilege. *U.S. v. Int'l Broherhood of Teamsters*, 119 F.3d 210, 215 (2d Cir. 1997) (attorney-client privilege belongs to the corporation, not an individual officer or employee). As Gurney's has not waived the privilege, it may properly raise the privilege, and it has standing to move to quash the subpoena on Clurman, its attorney.

### B. The Fiduciary Exception Does Not Apply and Does Not Affect Standing

Benjamin brings this action, in her capacity as a member of the board of directors of Gurney's, alleging that Carusona and Bennett, the other two members of the board of directors, have subordinated the interests of the Class A shareholders to the interests of the Class B shareholders. Benjamin asserts that she has a right to Gurney's privileged attorney-client communications because of the so-called "fiduciary exception" to the attorney-client privilege. In *Garner v. Wolfinbarger*, 430 F.2d 1093, 1103-04 (5th Cir. 1970), the Court held that where a corporation is in suit against its stockholders on charges of acting adversely to stockholder

interests, stockholders may, under certain circumstances, attempt to show "good cause" why a corporate privilege should be vitiated. *Garner* is inapplicable here because this is neither a derivative action nor a case in which the stockholders are suing a corporation. Instead, this is an action brought by one board member against the other board members. *See id.* at 1103 ("The corporation is not barred from asserting [the privilege] merely because those demanding information enjoy the status of stockholders.").

Even if *Garner* were to apply, Benjamin would be unable to demonstrate "good cause" to justify disclosure of privileged attorney-client communications. In *Official Comm. of Asbestos Claimants of G-1 Holding, Inc.*, 342 B.R. 416, 424 (S.D.N.Y. 2006) (Sweet, D.J.), this Court applied the holding in *Garner* using "four broad categories: '(1) the discovering party's stake in the fiduciary relationship; (2) the apparent merit of the claim; (3) the need of the discovering party for the information; and (4) the nature of the communication itself.'" (*quoting In re: Pfizer Inc. Sec. Litig.*, 1993 WL 561125, *13 (S.D.N.Y. Dec. 23, 1993). These factors weigh against vitiating the attorney-client privilege.

First, a court is more likely to find good cause if a party seeks to recover on behalf of the corporation rather than herself or a group of individual shareholders. *See Official Comm. of Asbestos Claimants of G-1 Holding, Inc.*, 342 B.R. at 424-25 ("Where the party seeking discovery seeks to recover on behalf of the corporation, rather than on behalf of individual shareholders or claimants, courts bring a lesser degree of scrutiny to bear in determining whether good cause exists."). Here, a critical view of the Verified Amended Complaint and Benjamin's various injunction motions demonstrates that Benjamin seeks to recover strictly for harm to Gurney's timeshare owners rather than to Gurney's as an entity. (*See, e.g.*, Docket Entry ("DE") 27 at 5 ("[T]he basis of plaintiff's motion for injunctive relief is harm to Gurney's Class A

shareholders not Gurney's.").

Second, the merit of Benjamin's claims weighs against disclosure. On November 5, 2010, the Court gutted the Verified Amended Complaint, dismissing eight (8) of the eleven (11) claims in their entirety and dismissing four (4) of the six (6) named defendants from the case. (*See* DE 114) Further, the merits of the remaining claims cannot be objectively evaluated at this stage in the case because the remaining defendants have not yet answered the Verified Amended Complaint.

Third, Benjamin has not demonstrated a need for the information because she has not sought the information through other means such as party depositions. Party discovery has barely begun. Benjamin has not yet inspected the thousands of pages of documents Gurney's made available to her for inspection months ago at Gurney's in response to her first set of document demands, and Gurney's production in response to Benjamin's second set of document demands is incomplete. Most importantly, Benjamin has not yet noticed any party witnesses for depositions.

Fourth, the nature of the communications sought includes advice with respect to legal issues relevant to the underlying factual disputes as well as the litigation itself. These factors all weigh against applying a fiduciary exception to permit disclosure of Gurney's privileged information to Benjamin.

Therefore, Gurney's has standing to move to quash the subpoena.

### Point II

### THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS PREMATURE AND SEEKS PRODUCTION OF PRIVILEGED INFORMATION

The Court has the inherent power to control the timing of discovery. *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) (management of discovery lies within

the discretion of the district court). Here, none of the defendants have answered the Verified Amended Complaint, so issue has not been joined. Further, party discovery is in its infancy. Benjamin has not yet inspected the filing cabinets full of documents Gurney's made available to her for inspection at Gurney's in response to her first set of document demands and Gurney's production in response to Benjamin's second set of document demands is incomplete. Moreover, Benjamin has not yet noticed any party witnesses for deposition. Any discovery directed to Clurman should be addressed after issue has been joined and document production and party depositions are completed. While Clurman is undoubtedly an important witness, the timing is not right.

The Second Circuit has cautioned that the deposition of an opposing party's attorney is generally disfavored and requires a flexible approach to determine whether there is a need for the attorney's testimony. In *In re: Subpoenas Issued to Dennis Friedman*, 350 F.3d 65, 70-72 (2d Cir. 2003), the Second Circuit set forth the factors that courts should consider in deciding whether to compel an opposing party's attorney to testify. Noting that the deposition of an attorney is generally "disfavored," the Court explained that courts should consider "[i] the need to depose the lawyer, [ii] the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, [iii] the risk of encountering privilege and work product issues, and [iv] the extent of discovery already conducted." *Id.* at 72. Additionally, the Court explained that alternate discovery devices, such as interrogatories directed towards the attorney, should also be considered by a court when determining whether a deposition is necessary. *Id.*

Here, these factors all weigh against a deposition of Clurman at this early stage of the case. As party depositions have not taken place, it is not clear whether there will even be a need

for Clurman's deposition. The role of Clurman involves current advice concerning the litigation at issue, and not merely past advice. Additionally, the "risk of encountering privilege and work product issues" is unavoidable. Benjamin's subpoena unequivocally states that she is seeking materials from Clurman concerning the "*analysis, discussion,* or *interpretation* of any of the provisions of the Lease between Gurney's and Gurney's Class A shareholders." (DE 76 at 5) (emphasis added) These documents fall squarely within the scope of privileged communications between the attorney, Clurman, and his client, Gurney's. Finally, the discovery already conducted is minimal: Benjamin has not endeavored to inspect documents Gurney's made available to her, Gurney's document production needs to be completed and Benjamin has not yet noticed any party witnesses for deposition. Benjamin seeks to depose Gurney's attorney without making any attempt to determine whether the discovery sought from Clurman could be obtained elsewhere or whether any other discovery devices could be used to secure the same information. Pursuant to *Friedman*, Clurman's subpoena should be quashed as premature, subject to renewal, if appropriate, at a later stage of this litigation.

## CONCLUSION

For all of the foregoing reasons, Nominal Defendant Gurney's Inn Resort & Spa Ltd. respectfully requests that the Court quash the subpoena issued to non-party David Clurman.

Dated: Uniondale, New York
November 8, 2010

FARRELL FRITZ, P.C.

By: _____
James M. Wicks
Franklin C. McRoberts
*Attorneys for Nominal Defendant
Gurney's Inn Resort & Spa Ltd.*
1320 RXR Plaza
Uniondale, New York 11556
(516) 227-0700

7

Interwoven\1602579.1